991 F.2d 790
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PATENT AND TRADEMARK OFFICE, DEPARTMENT OF COMMERCE, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
Patent Office Professional Association, Intervenor.
FEDERAL LABOR RELATIONS AUTHORITY, Petitioner,
v.
UNITED STATES PATENT & TRADEMARK OFFICE, Respondent.
 Nos. 92-2347, 92-2531.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 7, 1993.
Decided April 19, 1993.
 
 On Petition for Review and Cross-Application for Enforcement of an Order of the Federal Labor Relations Authority.
 Stuart M. Gerson, Asst. Atty. Gen., William Kanter, John F. Daly, Civ. Div., U.S. Dept. of Justice, Washington, DC, for petitioner.
 David M. Smith, Sol., Arthur A. Horowitz, Associate Sol., James F. Blandford, Federal Labor Relations Authority, Washington, DC, for respondent.
 
 
 1
 Joseph V. Kaplan, Passman & Kaplan, P.C., Washington, DC, for intervenor.
 
 FLRA
 
 2
 ENFORCEMENT DENIED.
 
 
 3
 Before WILKINSON, Circuit Judge, HALLANAN, United States District Judge for the Southern District of West Virginia, sitting by designation, and CLARKE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 4
 In 1986, petitioner United States Patent and Trademark Office (the "PTO") entered into a collective bargaining agreement with intervenor Patent Office Professional Association (the "Union"). The agreement had a three-year term, commencing on July 1, 1986, and thereafter rolled over for consecutive one-year terms, until one of the parties gave the other written notice of intent to terminate. In April 1991, the Union asked the PTO to bargain mid-term over a number of pay issues. The PTO refused, stating that such bargaining would be premature in light of the recently-enacted Federal Employees Pay Comparability Act. 104 Stat. 1427, Pub.L. No. 101-509 (Nov. 5, 1990).
 
 
 5
 On May 29, 1991, the Union filed a charge with the Federal Labor Relations Authority, alleging inter alia that the PTO had committed an unfair labor practice under 5 U.S.C. § 7116(a) by refusing to bargain mid-term. On April 22, 1992, an administrative law judge ordered the PTO to commence mid-term bargaining. The PTO filed an exception with the FLRA, relying upon this court's recent ruling that the Federal Service Labor-Management Relations Statute did not require federal agencies to bargain over union-initiated mid-term proposals. Social Security Administration v. FLRA, 956 F.2d 1280 (Feb. 25, 1992) ("SSA" ). The FLRA rejected this contention, however, stating that it "respectfully disagreed" with SSA and therefore would decline to follow it. The PTO petitioned this court for review.
 
 
 6
 The controversy before us is controlled in all respects by SSA. The Authority now concedes that SSA governs, and that this court must deny enforcement of the FLRA's order with respect to the PTO's refusal to bargain over the Union's pay-related proposals. The Union's contentions to the contrary either were not raised before the FLRA, were not relied upon by the FLRA, or are without merit. Accordingly, insofar as it requires the PTO to commence bargaining over the Union-initiated mid-term proposals, the order of the FLRA is set aside and its enforcement is
 
 
 7
 DENIED.